

**ORDERED in the Southern District of Florida on May 13, 2011.**

**A. Jay Cristol, Judge**
**United States Bankruptcy Court**

---

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

| | |
|---|---|
| In re:<br><br>INFOLINK GROUP, INC.,<br><br>        Debtor. | Case No.: 10-26423-AJC<br><br>Chapter 11<br><br>(Jointly Administered) |
| In re:<br><br>INFOLINK INFORMATION SERVICES,<br>INC.,<br><br>        Debtor. | Case No.: 10-26436-AJC<br><br>Chapter 11 |

| | |
|---|---|
| DREW DILLWORTH, Chapter 11 Trustee<br>for INFOLINK GROUP INC., and<br>INFOLINK INFORMATION SERVICES,<br>INC.,<br><br>        Plaintiffs,<br>vs.<br><br>PRIEUR J. LEARY, III, INFOLINK<br>PANAMA CORP., S.A., INFOLINK<br>COMMUNICATION SERVICES, INC.,<br>PRONTO GROUP, L.L.C., PRONTO<br>GROUP, INC., JUAN KOSMAS, | Adv. Case No.: 11-01885 |

| MARISOL VIQUEZ, SEVERINO HERNANDEZ, BENILDA PEREZ, OCTAVIO DIAZ, and JONATHAN HAM, jointly and severally, along with MODERNBILL n/k/a PARALLELS. INC., AUTHORIZE.NET, LLC, CYBERSOURCE CORPORATION, INNOVATIVE MERCHANT SOLUTIONS, AMERICAN EXPRESS COMPANY, PAYPAL, INC., DISCOVER FINANCIAL SERVICES, AMERICAN REGISTRY FOR INTERNET NUMBERS, INC., MELBOURNE IT LTD., GO DADDY.COM, INC., and HSBC BANK USA, N.A. | |
|---|---|
| Defendants. | |

## ORDER DENYING EMERGENCY MOTION FOR STAY PENDING APPPEAL OF THE COURT ORDER CONVERTING A TEMPORARY RESTRAINING ORDER INTO A PRELIMIMARY INJUNCTION

THIS MATTER came before the Court on May 10, 2011 on Defendants/Appellants Infolink Communication Services, Inc., Pronto Group, Inc., Pronto Group, L.L.C., Prieur J. Leary III, Octavio Diaz and Jonathan Ham's Emergency Motion for Stay Pending Appeal of the Court Order Converting a Temporary Restraining Order to a Preliminary Injunction ("Emergency Motion for Stay") [DE 69]. The Court notes the Order Converting Temporary Restraining Order to Preliminary Injunction and Granting Chapter 11 Trustee's Motion for Preliminary Injunction against all Defendants [DE 50] was amended by Supplemental Decision and Order Granting Preliminary Injunction [DE 65].

At the hearing, counsel for Defendants/Appellants admitted that he was not authorized to proceed with the Emergency Motion on behalf of Octavio Diaz and Jonathan Ham, and he has since withdrawn his appearance on behalf of Octavio Diaz & Jonathan Ham [DE 90]. There was

also dispute as to whether counsel had authority to proceed on behalf of Infolink Communication Services, Inc.

Nevertheless, the Court has considered the motion.  To justify a stay pending appeal, the Movants have an obligation to establish that (1) they are likely to succeed on the merits of their appeal; (2) they are likely to suffer irreparable harm in the absence of a stay; (3) the threatened injury to appellants outweighs the potential damage from a stay to the Appellees; and (4) a stay would be in the public interest.  *In Re Charter Co.*, 72 B.R. 70, (Bankr. M.D. Fla 1987); *Hilton v Braunsh'll*, 481 U.S. 770 (1987), see also *In re First South Savings Ass'n.,* 820 F.2d 700 (5th Cir. 1987); *In re Lykes Bros.* S.S. *Co., Inc.,* 221 B.R. 881, 884(Bankr. M.D. Fla. 1997); *Green Point Ban v. Treston,* 188 B.R. 9, 11 (S.D.N.Y. 1995); *In re Advanced Mining Systems, Inc.,* 173 B.R. 467, 468 (S.D.N.Y. 1994); *In re Sphere Holding Corp.,* 162 B.R. 639, 642 (E.D.N.Y. 1994); *In re Dale Mabry Properties, Ltd.,* 149 B.R. 209 (M.D. Fla. 1992).  Courts apply these factors in considering a stay under Rule 8005. *See In re Irwin,* 338 B.R. 839, 843 (E.D. Cal. 2006);

The Court finds as follows:

Likelihood of success of the merits. The evidence before this Court strongly supported the fact that Leary and one or more of the Primary Defendants engaged in a series of transfers that resulted in the diversion from Debtor Infolink Information Services, Inc. ("Infolink Information Services") of its cash assets, historical income, ongoing income, and the attributes of ownership, control, and administration of ServerPronto.com, the income generating source of these Debtors.  The income derived from ServerPronto.com was fraudulently transferred first from Infolink Information Services to Infolink Communication, Inc. and then from Infolink Communication, Inc. to Pronto Group Inc. Thereafter, but for this Court's Temporary Restraining Order (which was violated by Leary) but complied with by the relevant credit card

processors, it appears that at least some of that income would have been transferred again, this time to non-defendant Prontocom, Inc., an entity formed post-petition and after the appointment of the Chapter 11 Trustee in this case. These transfers occurred pre-petition, post-petition, post appointment of Chapter 11 Trustee, in direct violation of the automatic stay under 11 U.S.C. §362, and in violation of the rights of the appointed Chapter 11 Trustee who stands in the shoes of the Chapter 11 Debtors under 11 U.S.C. § 1107. The Court concludes that there is virtually no likelihood that Defendants Leary, and his post-petition formed companies, Pronto Group, Inc. and Pronto Group, LLC are likely to prevail on the merits of their appeal. In fact, the Court concludes that this appeal is frivolous and scurrilous.

Threat of irreparable injury if injunction not granted. Based on the deliberate, coordinated nature, and multitude of fraudulent transfers of assets rightfully belonging to the Debtors, including transfers after the petition date and after the appointment of a Chapter 11 Trustee, without conversion of the temporary restraining order into a preliminary injunction there is significant reason to believe that fraudulent transfers would continue. Indeed, without the issuance of the Temporary Restraining Order and the Court's jurisdiction over the credit card processors, there would have been continued post-petition fraudulent transfers of the assets of this estate. The evidence is overwhelming that Leary, and possibly other primary defendants, have little regard for the Debtors' interests, the bankruptcy automatic stay, the Chapter 11 Trustee's exclusive authority to operate the business, or this Court's Orders. Without a preliminary injunction there would be a clear and substantial threat of irreparable injury to these estates, i.e to the appellees, and not to the appellants. The preliminary injunction poses no injury to Mr. Leary other than it stops him from continuing to loot these estates.

Injury to the Plaintiff outweighs the harm an injunction may cause the Defendant. The Preliminary Injunction causes no harm to the Defendants. The Defendants have no property interest in the Debtors' property. On the other hand, without a preliminary injunction, the continued transfers of property of these Debtors by Leary offshore or otherwise, would cause direct and irreparable harm to these estates. Clearly, the injury to the Trustee outweighs any potential harm to Defendants.

The public interest. In its wisdom, Congress established the concept of "property of the estate" in section 541 of the Bankruptcy Code. This action and the preliminary injunction seeks to preserve property of the estate for the benefit of the creditors. A preliminary injunction does not prevent the business of ServerPronto.com from proceeding. It does not stop the Internet Services that are being supplied to the public. It merely prevents the continuing transfers and diversion of the Debtors' assets to Leary and other Primary Defendants offshore, and preserves them for the benefit of Debtors' creditors and shareholders. A preliminary injunction is clearly in the public interest.

Based upon the foregoing, the Court denies the Emergency Motion for Stay. The Emergency Motion for Stay is the latest in a never ending series of frivolous and scurrilous efforts to avoid the jurisdiction of this Court and to divert the assets of this estate.

Finally, the Court would note that, notwithstanding that it has denied the Emergency Motion for Stay, to the extent that an Appellate Court might, for whatever reason, grant such stay to Leary, Pronto Group, Inc. and/or Pronto Group, LLC hereafter, and remand this matter back to this Bankruptcy Court to impose a stay pending appeal, in such instance, this Court would require a supersedeas bond of $2,000,000.00.

# # #

Submitted by:
Geoffrey S Aaronson, Esq.
Aaronson Schantz P.A.
Miami Tower
100 SE 2nd Street, 27th Floor
Miami, Florida 33131
Tel 786.594.3000
Fax 305.675.3880
E-mail gaaronson@aspalaw.com
*Special Counsel to Trustee Dillworth*

Attorney Aaronson is directed to immediately serve a conformed copy of this Order upon all interested parties and file a certificate of service of same with the Court.